# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-00033-CCB ) |
| WEXFORD HEALTH SOURCES, INC., et al. | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES' MOTION TO DISMISS

Plaintiff, Robert Williams, hereby submits his Response to Defendant Maryland Department of Public Safety and Correctional Services' ("DPSCS") Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiff Does Not Contest DPSCS's Assertion of Sovereign Immunity

As an agency of the state of Maryland, the DPSCS correctly points out that it is entitled to sovereign immunity from suit in federal court pursuant to the Eleventh Amendment, unless it consents. An assertion of sovereign immunity prevents this Court from exercising jurisdiction over Plaintiff's claims—including those based on state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). While Plaintiff believes that it is more efficient and appropriate to litigate his claims against all parties in one proceeding, Plaintiff cannot prevent Defendant DPSCS from asserting sovereign immunity in this Court and requiring Plaintiff to pursue damages in the courts of the state of Maryland.

Because the DPSCS's assertion of sovereign immunity prohibits this Court from exercising jurisdiction over any of Plaintiff's claims, no further inquiry is necessary.

## II. Defendant's Argument For Dismissal Based on Lack of Notice Contradicts Its Arguments for Sovereign Immunity.

Although claiming that this Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims, *See* Defendant's Memorandum in Support of Motion to Dismiss, § III(D),[1] DPSCS also requests dismissal on the grounds that Plaintiff has not complied with a statute providing for waiver of sovereign immunity in courts of the state of Maryland. Of course, if the DPSCS's assertion of sovereign immunity is to be credited, its request to this Court to determine the adequacy of Plaintiff's notice under the Maryland Tort Claims Act is an unnecessary step unsupported by jurisdiction under either 28 U.S.C. §§ 1331 or 1367.

Further, because Defendant's argument is made pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must also be afforded the opportunity to seek leave to amend his Complaint to illustrate his contention that the state of Maryland has in fact received notice of his injury pursuant to Md. State Gov't Code § 12-106(c)(2). *Galustian v. Peter,* 591 F.3d 724, 730 (4th Cir. 2010) (noting plaintiff's right to amend pursuant to Fed. R. Civ. P. 15(a) after service of a motion to dismiss). Presumably, this Court must then also entertain a motion by Plaintiff to waive the notice requirement of the MTCA because of a lack of prejudice to the DPSCS. Id. § 12-106(c)(1). Both propositions are inconsistent with the DPSCS's assertion of sovereign immunity, as both situations would result in this Court's continuing jurisdiction over Plaintiff's claims against Defendant DPSCS.

---

[1] Plaintiff assumes Defendant has made a typographical error in stating that "DPSCS is not immune from suit in federal court," since its leading argument is that "DPSCS Is Immune From Suit". Defendant's Memorandum in Support of Motion to Dismiss, § III(A).

If, however, this Court finds that DPSCS has waived its right to sovereign immunity by submitting its rights under the Maryland Tort Claims Act for judicial determination, *see Beckham v. Amtrak*, 569 F. Supp. 2d. 542, 552 (D. Md. Jul. 31, 2008) (*citing Lapides v. Bd. of Regents,* 535 U.S. 613, 620 (2002)), Plaintiff will seek to amend his Complaint to state facts supporting the state of Maryland's notice of its possible liability for his injuries.[2]

### III. Defendant's Statute of Limitations Argument Is Similarly Contradictory to Its Assertion of Sovereign Immunity

Finally, Defendant requests that this Court find that Plaintiff's claims are "partially barred" by the statute of limitations. Although the question of accrual of the statute of limitations for purposes of an action brought under 42 U.S.C. § 1983 may be a matter of federal law, Defendant has argued that this Court cannot decide any issue that relates to the state of Maryland or its agencies. U.S. Const. Amend. XI. ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . against one of the United States . . .."). Further, federal courts recognize both the discovery rule, which would serve to toll Plaintiff's limitations period until he became aware of the malpractice at issue, as well as the continuing violation rule, which would trigger Plaintiff's three-year limitation period as of the day of Defendant's last wrongful act, *Nat'l Advertising Co. v. Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991). In this instance, the final wrongful act occurred when Wexford, Defendant's health care

---

[2] To this extent, Plaintiff would include the fact that he filed a lawsuit for medical malpractice while an inmate at Jessup Correctional Institution alleging Wexford's failure to treat his Hepatitis C, cirrhosis, and esophageal variceal bleeds, and that Wexford was contractually obligated to submit quarterly reports to DPSCS and/or the state of Maryland regarding all lawsuits filed by inmates in its facilities.

contractor, released Plaintiff into the emergency room because of life-threatening internal bleeding. *Compl.* ¶ 78.

## IV. Conclusion

Plaintiff does not contest the DPSCS's entitlement to sovereign immunity, and notes that the proper procedure is for this Court to dismiss Plaintiff's claims against it for lack of jurisdiction. If, however, sovereign immunity has been waived, Plaintiff will seek to amend his complaint.

Respectfully submitted,

 /s/ Masai McDougall /s/
Masai McDougall, Esq.
THE PEOPLE'S LAW FIRM, LLC
200 E. Lexington St., Ste 1111
Baltimore, MD 21202
masai.mcdougall@
thepeopleslawfirm.net
