IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WILLIAMS, *also known as* MICHAEL MILLER,  \* \* Plaintiff,  \* v.  \* WEXFORD HEALTH SOURCES, INC., *et al.*  \* Defendants. | Civil No. CCB-19-33 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, Maryland Department of Public Safety and Correctional Services (DPSCS)[1], by its attorneys, Brian E. Frosh, Attorney General of Maryland and Dorianne A. Meloy, Assistant Attorney General, replies to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and states as follows:

Plaintiff asserts that the Defendant has waived its sovereign immunity by raising not only sovereign immunity but alternative grounds for dismissal. Plaintiff's motion utterly fails to cite any authority in support of this assertion. This assertion is incorrect. Plaintiff has *involuntarily* made DPSCS a defendant in federal court. See, ECF 1. Eleventh Amendment immunity is a jurisdictional bar and can be raised even for the first time on appeal. *Mccray v. Maryland Department of Transportation, et al,* 741 F.3d 480, 483 (2014), states:

Our case law is clear that "because of its jurisdictional nature, a court

---

[1] Undersigned counsel does not represent the "John Doe" defendants nor the "medical defendants" (Wexford Health Sources, Inc., Gedion Atnafu, M.D., Zowie Barnes, M.D., Bolaji Onabajo, M.D., Bernard Alenda, P.A., Wondaye Deressa, CFNP, Robert Giangrandi, P.A., Priscilla Momoh, P.A., Ayoku Oketunji, M.D., Titilayo Otunuga, CFNP, and Jennifer Pope, CFNP). The medical defendants are represented by Gina Smith, Esquire and Samuel T. Wolf, Esquire and they have filed a Motion to Dismiss the complaint. ECF 5 & 8.

ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir.1997). The Supreme Court has allowed sovereign immunity to be claimed for the first time before a Court of Appeals. *Edelman* [*v.* Jordan]*,* 415 U.S.[651 (1974)] at 677–78, 94 S.Ct. 1347 ("[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court.").

*Id.* at 483.

Furthermore, Plaintiff admits that DPSCS is entitled to sovereign immunity. ECF 14, p. 4. Therefore, DPSCS is entitled to dismissal because it is immune from suit2.

        Respectfully submitted,

        BRIAN E. FROSH
        Attorney General of Maryland

        _____/s/_____
        DORIANNE A. MELOY
        Assistant Attorney General
        Federal Bar No. 16362

        St. Paul Plaza - 19th Floor
        200 St. Paul Place
        Baltimore, Maryland  21202
        (410) 576-6429 (Telephone)
        (410) 576-6880 (Telefax)
        E-mail: dmeloy@oag.state.md.us

        Attorneys for Defendant DPSCS

E-Filed:  May 1, 2019

---

2 Plaintiff correctly notes Defendant's Memorandum in Support of Motion to Dismiss, §III(D) contains a typographical error in stating that "DPSCS in not immune from suit in federal court". ECF 14. The correct statement is "Because DPSCS is immune from suit in federal court…". *See*, ECF 12-1, Defendant's Memorandum in Support of Motion to Dismiss, §III (A).