**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ROBERT WILLIAMS** | * |
| **Plaintiff** | * |
| v. | *   Case No.: 1:19-cv-00033-CCB |
| **WEXFORD HEALTH SOURCES, INC.,** *et al.* | * |
| **Defendants** | * |

## MOTION TO ACCEPT FOR FILING WEXFORD HEALTH SOURCES, INC.'S CERTIFICATE OF QUALIFIED EXPERT AND REPORT

Defendant Wexford Health Sources, Inc. ("Wexford"), by and through its attorneys, Gina M. Smith, Samuel T. Wolf, and Meyers, Rodbell & Rosenbaum, P.A., files this Motion to Accept for Filing Wexford Health Sources, Inc.'s Certificate of Qualified Expert and Report and states:

1.  Today, May 20, 2019, the individual medical defendants filed their certificate of qualified expert and report, authored by Marc O. Wall, M.D. Their deadline to file their certificate and report was May 31, 2019. Undersigned counsel operated under the mistaken belief that no defendant had been served with Plaintiff Robert Williams' certificate of qualified expert until January 31, 2019; however, the recently learned that Wexford had been serve with a copy of that certificate on January 15, 2019, making Wexford's certificate due on May 15, 2019.

2.  Pursuant to Md. Cts. & Jud. Proc. Code Ann. § 3-2A-04(b)(5), there is good cause for the Court to exercise its discretion and extend Wexford's time to file a certificate and report till May 20, 2019 and to accept Dr. Wall's certificate and report as having been filed on Wexford's behalf, *nunc pro tunc*, as if it had been timely filed on May 15, 2019. Williams seeks to hold Wexford liable under a theory of respondeat superior for the individual medical defendants' alleged conduct. Because Wexford is not a "health care provider" as that term is defined by Md.

Cts. & Jud. Proc. Code Ann. § 3-2A-01(f) and can commit professional negligence through its professional employees, Wexford as a corporation owed no standard of care and could not have breached a standard of care. The only standard of care that matters is that owed by Wexford's alleged servants, which is addressed in Dr. Wall's certificate and report. Dr. Wall's certificate—timely filed as to the individual medical defendants—shows that there is a genuine dispute as to liability. Since Williams would not have been expecting the individual medical defendants' certificates until May 31, 2019, there obviously can be no prejudice to Williams by Wexford's brief delay in filing a certificate and report.

4. The Court should also exercise its discretion to determine that Wexford's brief delay in filing a certificate of qualified expert should *not* operate as a concession of liability. Liability is vigorously contested in good faith, as evidenced by Dr. Wall's report.

5. Wexford adopts by reference the accompanying memorandum of law.

**WHEREFORE**, Defendant Wexford Health Sources, Inc. requests that the Court:

(1) Find that there is good cause to extend Wexford's deadline to file a certificate of qualified expert;

(2) Accept Dr. Wall's certificate and report, ECF 25, as having been filed by Wexford, *nunc pro tunc*, on May 15, 2019; and

(3) Allow Wexford to contest the issue of liability as to Williams' medical malpractice claim.

> Respectfully submitted,
>
> **MEYERS, RODBELL & ROSENBAUM, P.A.**
>
> /s/ Joseph B. Chazen
> Joseph B. Chazen, #03154
> jchazen@mrrlaw.net

/s/ Gina M. Smith
Gina M. Smith, #22425
gsmith@mrrlaw.net

/s/ Samuel T. Wolf
Samuel T. Wolf, #17533
swolf@mrrlaw.net
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737
(301) 699-5800
(301) 779-5746 Facsimile
*Attorneys for Medical Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 20th day of May 2019, this motion, the accompanying memorandum, and a proposed order were filed and served on counsel for all parties through the Court's ECF system.

/s/ Samuel T. Wolf
Samuel T. Wolf