# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Angela Charette, as Personal Representative of the Estate of Michael Anthony Miller | * * * * | |
| v. | * * | Civil Action No. 19-0033 |
| Wexford Health Sources, Inc., *et al.* | * * | |

## MEMORANDUM

Now pending is the Maryland Department of Public Safety and Correctional Service's ("DPSCS") motion to dismiss and Angela Charette's motion for leave to file a second amended complaint. For the reasons stated below, the court will grant the motion for leave to file the second amended complaint. Because the second amended complaint removes DPSCS as a defendant (and, in any event, the court has already ruled that they are immune from suit), the court will deny as moot DPSCS's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

On January 3, 2019, Michael Miller (a.k.a. Roger Williams) filed various state and federal claims against Wexford Health Sources (which provided medical services to incarcerated individuals, including Miller); DPSCS; and several individual health care providers, relating to the alleged failure to provide adequate medical care while Miller was incarcerated at the Jessup Correctional Institute. On May 2, 2019, the court granted DPSCS's motion to dismiss, finding it was entitled to Eleventh Amendment immunity. (ECF 18). On August 2, 2019, Miller filed a motion for leave to amend his complaint, which added "one new party and clarifie[d] the role of another," "remove[d] three defendants," and further clarified the claims against Wexford. (ECF 33, Mot. to Amend at 2–3). On August 19, 2019, Miller's counsel notified the court that Miller

1

had passed away (ECF 35), and on October 7, 2019, Angela Charette, personal representative of Miller's estate, was substituted as the plaintiff. (ECF 38, ECF 41). On October 7, 2019, the court granted the motion to amend, and ordered Charette to file a proposed second amended complaint ("SAC") in light of Miller's death. (ECF 37). As the first amended complaint named DPSCS as a party, DPSCS filed another motion to dismiss. (ECF 42). On November 12, 2019, Charette filed a motion for leave to file a second amended complaint. (ECF 47).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given "when justice so requires." Therefore, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). For example, "[t]here is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420–21 (4th Cir. 1990).

## DISCUSSION

The defendants[1] argue that the court should deny the motion for leave to amend as to Counts 5 and 6, which are claims for violation of the right to petition for redress of grievances under the 14th Amendment (through 42 U.S.C. § 1983) and the Maryland Declaration of Rights,

---

[1] The proposed SAC names as defendants: Wexford Health Sources, Inc.; Gedion Atnafu, M.D.; Zowie Barnes, M.D.; Bolaji Onabajo, M.D.; Bernard Alenda; Wondaye Deressa; Robert Giangrandi; Ayoku Oketunji; Titlayo Otunuga, Jennifer Pope, Priscilla Momoh, Kashaun Temesgen, Kenneth Lee, Melaku Ayalew, and Doe defendants 1–50. The opposition is brought by these defendants, except Temesgen, Lee, Ayalew, and the Doe defendants. According to the defendants, Temesgen has not yet been served and is not a party before this court. (Opp'n at 4 n.1). Lee and Ayalew were also added as defendants in the SAC. (Opp'n at 5–6).

2

respectively. The claims are based on the defendants' alleged concealment of Miller's chronic Hepatitis B ("HBV") infection, and are brought "in the alternative" if the claims based on Miller's HBV are found barred by the statute of limitations. (ECF 47, Mot. at 9).

The defendants argue that both counts fail to state a claim. First, they argue that the proposed SAC demonstrates that Miller was aware of his HBV infection beginning in 2010, so the defendants did not conceal it from him. Second, they argue that because of Miller's death, there will be no way to prove that Miller was unable to pursue a legal claim within the applicable statute of limitations based on his lack of knowledge regarding his HBV infection. Finally, they argue that a private entity and its employees cannot be held liable for a violation of the Maryland Declaration of Rights.

The court will allow Charette to amend her complaint to add Counts 5 and 6, but will not decide at this time whether they state a claim. Counts 5 and 6 are pled in the alternative, and whether there are any injuries from the alleged denial of the right to petition for redress will depend on the disposition of Charette's other claims. For example, if Charette's HBV claims proceed, it may be unnecessary to decide whether Counts 5 and 6 state a claim. As the defendants do not presently challenge the other claims in the proposed SAC, including the HBV claims,[2] the court prefers to wait to rule on Counts 5 and 6 so it can resolve these issues together.[3]

---

[2] The defendants indicated in their opposition that they plan to file a motion to dismiss the SAC for failure to state a claim and failure to arbitrate the state law medical claims regarding HBV in accordance with Maryland law.

[3] To the extent this case is proceeding to discovery, it appears that discovery on the alleged violation of the right to petition for redress will be largely duplicative of the discovery on the other claims. As such, allowing Charette to amend her complaint to add Counts 5 and 6 will probably not enlarge discovery, and, as discussed above, since Counts 5 and 6 are brought in the alternative, the court prefers to rule on them along with the HBV claims.

## CONCLUSION

For the reasons stated above, the court will grant Charette's motion for leave to file a second amended complaint. A separate order follows.

 4/8/20                                                         /S/
  Date                                             Catherine C. Blake
                                                   United States District Judge